' Tuesday, Nov. 4th. , The president delivered the o~ pinion of the court, (present, Lyons, Carrington and Tucker, Judges,) that the decree of the High Court of Chancery should be affirmed; and observed that, for the information of the bar, he would state the principles upon which that'opinion was founded.
Having státea the -case, he proceeded as follows :....
It does not appear what evidence was given to the jury, and, as no exception was filed at the trial, all must be presumed to have been legal and right.
' In the exceptions, which were filed at a. subsequent term, no proof of what is said to have passed between the counsel at the bar is stated, but it appears to have been merely a suggestion of the counsel who drew the exceptions. The court therefore did not and could not err in refusing the new trial, when the answer had not been offered to be read. As no direction from the court sitting in chancery had been given, respecting the reading of the depositions or any of the papers filed in the cause, the omission to read any of those documents was unimportant, if, in fact, there was such an omission.
The original will might have been produced at the trial ; and, as no exception for the want of it was taken, must now be'presumed to have been before the jury.
The heirs and distributees are not summoned, under our act of assembly,"to contest a will when it is offered for probate. The persons interested in this instance therefore, not being summoned, knew not when the will would be exhibited to the court, and the probate could not be binding upon them. Some' of them might have been by accident in court, and contested the will, but that could not bind others who were infants, &c.nor is the probate binding or conclusive on any of them, who might be strangers then to the fraud, and have discovered it af-terwards. The true construction of the act of assembly is, that, if the fraud be discovered within seven years after the probate, any person interested may by bill in chan-f-ery contest' its validity upon'an issue to be made up. *85 whether the writing produced be the will of the testator or not. Validity means certainty; and certainty truth ; so that the issue was whether the paper in question was the true will or not.
The county court in chancery had a right to direct a trial of such an issue, as well as the High Court of Chancery, and the judge of die last mentioned court, altho’ tenacious of his jurisdiction, was of this opinion; or he would not have affirmed the decree.
The case of a deed’s being proved in the General Court is analogous to the present. A county court is not thereby precluded from enquiring in chancery into any fraud committed in obtaining such deed, and from setting it aside: nor, altho’ a -will has been proved in a superior court, can the county court in chancery be prevented from annulling it for fraud.
The court therefore is of opinion that the decree be affirmed.